IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| National Business Forms & Printing, Inc., d/b/a Graphxonline.com,<br><br>*Plaintiff*<br>v.<br><br>Ford Motor Company<br>*Defendant*<br><br>———————————————<br><br>Ford Motor Company,<br>*Counterclaimant*<br>v.<br><br>National Business Forms & Printing, Inc., d/b/a Graphxonline.com and Quickstickers.com, and George H. Atkinson, III,<br><br>*Counterclaim Defendants*<br>——————————————— | §§§§§§§§§§§§§§§§§§§§§§§§/ Case No. 4:08-cv-01906 |

# ORIGINAL FEDERAL COMPLAINT
## (REPLACES STATE COURT COMPLAINT)

I.

Plaintiff National Business Forms & Printing, Inc., d/b/a Graphxonline.com and Quickstickers.com, (collectively referred to as "NBFP"), is a corporation organized and existing under the laws of the State of Texas, engaged in the business of commercial printing, and having its principal place of business in Grimes County, Texas.

II.

(a)  Defendant Ford Motor Company, is a corporation organized and existing under the laws of the state of Delaware, engaged in the business of manufacturing motor vehicles, and having its principle place of business in the State of Michigan.

1

(b)  State Court Defendants Gregory D. Phillips, d/b/a Howard, Phillips & Andersen, and John Does 1-5 are non-suited and not included in this pleading.

III.

This is an action that was originally brought pursuant to the Texas Declaratory Judgment Act and is now brought pursuant to Title 28, United States Code § 2201 and 2202, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

IV.

Jurisdiction of this action is based on Title 28 U.S.C. § 1338.

V.

In or about January 2008, on information which Plaintiff believes, Defendant acting through its authorized agent, the firm of Howard, Phillips & Andersen, entered Plaintiff's electronic place of business.  Said agent acknowledged on no less than ten (10) occasions that they had authority or were licensed to view and reproduce at least five of Defendant's logos.  In reliance upon such representation the requested logos were displayed on the computer screen.  Defendant's agent, without the knowledge or consent of Plaintiff, made a printed copy of the computer screen(s).

VI.

Defendant, through its agent Gregory D. Phillips of the firm of Howard, Phillips & Andersen, made written demands of Plaintiff to pay $5,000.00 and to stop printing the "Ford" logo(s). (Copy of letter attached hereto as Exhibit "A".)  Plaintiff responded (copy attached hereto as Exhibit "B"), but Defendant rejected Plaintiff's plea, (2nd letter from Gregory D. Phillips attached as Exhibit "C").

VII.

Plaintiff, at the time of these demands, was printing materials for several authorized users for their advertising and promotional needs.  Plaintiff, doubting the authority of Howard, Phillips & Andersen, sent two (2) letters directly to Ford Motor Company with no response.  (Copies attached as

Exhibits "B" and "D".)

VIII.

(a)  NBFP is a professional printer that specializes in corporate printing for uses such as advertising, signs and promotional graphics.  NBFP's normal clientèle includes companies such as Coca-Cola, Toyota, Westinghouse, General Electric, and Chrysler.  NBFP also provides services to authorized dealers or franchisees of such companies.  NBFP prints large signs and banners for use in advertising, and also prints various logos for such uses as advertising and promotions.  NBFP provides its printing services for use by authorized users of various trademarks either directly or indirectly such as by sales to independent dealers or at the behest of advertising agencies working for dealers.  NBFP manufactured at Ford's request a large backdrop containing Ford marks for Ford's 100-year anniversary event.

(b)  As a convenience to its customers, NBFP maintains a website, through which it allows its customers to prepare orders for various advertising items printed by NBFP.  This website allows authorized dealers to place orders easily and conveniently.  Also as a convenience to NBFP's authorized customers, NBFP's website provides graphic representations of various company logos which may be used in advertising.

(c)  However, NBFP also works to ensure that others' trademark rights are protected.  To order merchandise comprising protectable company logos or trademarks, a purchaser must make not one, but two separate representations that he is authorized to reproduce the trademarked image prior to even being able to see the mark requested.  (Copies of the steps required for access are attached hereto as Exhibit "F".)

(d)  Use of NBFP's website at www.graphxonline.com and all related services is subject to a Terms of Service Agreement, which is prominently displayed and referred to throughout the website.  (A copy of the contract is attached hereto as Exhibit "E".)

IX.

The mere display of a mark is not infringement, nor is the printing, for customers, of a mark by a commercial printer such a violation.  Should a customer misrepresent his authorization or license, it is the customer who commits the infringement and not the printer.  The mark holder's sole remedy against a printer who refuses to stop printing for such a customer is an injunction pursuant to Title 15 U.S.C. § 1114(2)(a).

X.

These same claims are being brought by many others, alleged agents of different companies.  Each seeks the same $5,000.00 money demand and for the printer to stop printing or displaying the mark.

XI.

Plaintiff is entitled to a declaration that the mere display of a mark is not a "trademark" infringement.  Further, that a commercial printer is not "infringing" or "diluting" a mark by printing at a customer's request who claims to be authorized or licensed by the mark registrant.

XII.

To proceed through Plaintiff's business site the prospective customer agrees that he will hold Plaintiff harmless for any damages, to include attorney's fees, resulting from the entry to the site and/or services rendered by Plaintiff.  Plaintiff therefore seeks its reasonable and necessary attorney's fees herein.

XIII.

Wherefore, Plaintiff prays for judgment as follows:

1. That the Court adjudicate and declare that the display of marks (logos), individually or as a montage, is not a trademark infringement or dilution.
2. That Plaintiff, as a commercial printer, is entitled to rely on customers' representation(s) that

they are authorized or licensed to have "trademarks" or logos printed.

3. That Plaintiff has not "infringed" or "diluted" the "trademarks" of Ford Motor Company.

4. That Plaintiff recover its costs and disbursements herein, including a reasonable sum for attorney's fees.

5. For such other and further relief as the Court may deem just and equitable.

Dated July 18, 2008.

                                                Respectfully submitted,

                                                s/ Lester R. Buzbee III
                                                **LESTER R. BUZBEE, III**
                                                116 S. Avenue C
                                                Humble, Texas 77338
                                                Tel:  (281) 540-8060 / (936) 441-0166
                                                Fax:  (281) 540-8013
                                                State Bar No. 03546800
                                                Attorney for Counterclaim Defendants

## **CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of Counterclaim Defendants' Answer to Counterclaim was filed electronically July 18, 2008.  Notice of this filing will be sent to all parties listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Mr. C. Thomas Kruse
Mr. Matthew W. Caligur
1000 Louisiana, Suite 2000
Houston, Texas 77002-5009

                                                s/ Lester R. Buzbee III
                                                **LESTER R. BUZBEE, III**